IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELISSA RANSOM,

        Plaintiff,

vs.                                      CIVIL NO.   01-822 RLP/LFG

ALBUQUERQUE POLICE
DEPARTMENT et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING STAY OF DISCOVERY

THIS MATTER is before the Court on Defendants Michael Berry, Michael Callaway and Kim Kearney's September 24, 2001 Motion For Stay of Discovery and Request for Entry of a Protective Order [Doc. 22].  Because the law in this area is so clear, a response is unnecessary.

Plaintiff, Melissa Ransom ("Ransom"), filed suit against Defendants alleging violations of the Fourth, Eighth and Fourteenth Amendments of the United States Constitution and state law claims. Her lawsuit is brought pursuant to 42 U.S.C. §§ 1983 and 1985.  Subsequent to filing suit, Defendants filed a Rule 12(b)(6) motion and a motion for summary judgment raising qualified immunity and immunity under the New Mexico Tort Claims Act.

When motions to dismiss or for summary judgment are based, in part, on absolute or qualified immunity, discovery should be stayed.  Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982); Gallegos v. City and County of Denver, 984 F.2d 358 (10th Cir. 1993).  These cases instruct lower courts that the purpose of a qualified immunity defense is to protect public officials performing

discretionary functions from the burdens not only of trial, but discovery as well.  <u>Anderson v. Creighton</u>, 483 U.S. 635, 107 S. Ct. 3034 (1987).  Thus, when qualified immunity is raised by way of motion, discovery should be stayed pending the court's determination of the qualified immunity motion.

The United States Supreme Court recently reminded courts and counsel that qualified immunity is not merely a defense to liability.  Rather, it is an entitlement not to stand trial or face the other burdens of litigation.  <u>Saucier v. Katz</u>, 121 S. Ct. 2151, 2156 (2001).

The Court acknowledges that a stay of discovery is not absolute.  When faced with a motion for summary judgment based on qualified immunity, a plaintiff may seek to obtain limited discovery to enable plaintiff to respond to the motion.  A plaintiff seeking discovery to respond to a motion for summary judgment musts file a Rule 56(f) affidavit showing what discovery the plaintiff seeks to undertake and how that discovery will assist in overcoming a defendant's *prima facie* showing of entitlement to summary judgment or objective reasonableness.  It is insufficient for the plaintiff to simply request to take discovery.  Indeed, this district previously determined that liberal applications of Rule 56(f) should not be allowed to subvert the goals of <u>Harlow</u> or its progeny.  <u>Jones v. City and County of Denver</u>, 854 F.2d 1206, 1211 (10th Cir. 1988); <u>Lewis v. City of Fort Collins</u>, 903 F.2d 758 (10th Cir. 1990).

Chief Judge's James A. Parker's analysis in <u>Ulibarri v. Gazolas</u>, No. CIV 92-1312 JP/LFG, slip. op. (D.N.M. August 13, 1993) is illustrative of this point.  Judge Parker stated:

> While it is clear that limited discovery on the issue of qualified immunity can proceed where motions for qualified immunity have been filed, <u>Lewis</u>, 903 F.2d 752 [<u>Lewis v. City of Fort Collins</u>], <u>Lewis</u> also makes clear that a plaintiff must come forward with a Rule 56(f) affidavit explaining, how discovery will enable them to rebut a

2

defendant's showing of objective reasonableness." Lewis, 903 F.2d at 758 quoting, Jones v. City and County of Denver, 854 F.2d 1206, 1211 (10th Cir. 1988).

* * *

Even had plaintiff made a proper 56(f) request, the court's discretion in granting such a motion where qualified immunity is at issue is limited and the plaintiff's burden of demonstrating the need for discovery is greater. *See* Lewis, 903 F.2d at 758. The limitation on Rule 56(f) requests in the context of motions premised on qualified immunity is based on the nature of qualified immunity itself. The Supreme Court has instructed that the purpose of the defense is to protect public officials performing discretionary duties from the burdens not only of trial but discovery as well. [citations omitted]. . . . In Jones v. City and County of Denver, the Tenth Circuit explained,

> Rule 56(f) discretion must be limited when a summary judgment motion is based on qualified immunity because insubstantial lawsuits "against government officials [should] be resolved prior to discovery and on summary judgment if possible. Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987) . . . Liberal application of Rule 56(f) should not be allowed to subvert the goals of Harlow and its progeny.

Jones, 854 F.2d 1211; Lewis, 903 F.2d 758.

The Court concludes that Defendants are entitled to a stay of discovery. Accordingly, all formal discovery shall be stayed pending the Court's consideration and disposition of Defendants' dispositive motions. The stay of discovery does not affect mandatory Rule 26 initial disclosures, which should be made within the time provided by law.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge