IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MELISSA RANSOM,

    Plaintiff,

v.                                                    Civ. No. 01-822 RLP/LFG-ACE

ALBUQUERQUE POLICE
DEPARTMENT, *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendants' Motion to Dismiss, filed pursuant to Fed.R.Civ.P. 12(b)(6) and Defendant Berry's Motion for Summary Judgment, filed pursuant to Fed.R.Civ.P. 56. Having read the parties' submissions and having heard oral arguments on November 1, 2001, the court finds that the Motion to Dismiss is granted in part and denied in part and the Motion for Summary Judgment is granted. Because the court discussed its ruling at the hearing and the reasons therefor, only a brief summary of the facts and rulings are discussed below.

On March 20, 2001, Plaintiff was arrested by Albuquerque Police Officer Berry at a Bank of America branch for allegedly attempting to cash a forged check. At the time of her arrest, Plaintiff had $1,964 in cash in her possession. This money was seized by Officer Berry and has not been returned to Plaintiff, despite the fact that the District Attorney's Office has thus far declined to pursue charges against Plaintiff. In addition to the cash, Plaintiff's driver's license, social security card, and other personal items have not been returned. By certified mail, Plaintiff's attorney requested return of these items. There is no indication in the record that Defendants ever responded to that letter.

Against Officer Berry, Plaintiff asserts that he violated her Fourth Amendment right against unreasonable searches and seizures. However, Plaintiff acknowledges that the arrest and seizure were proper; she contends only that the *retention* of her personal property violated the Fourth Amendment. Although the Tenth Circuit Court of Appeals has not ruled on the issue, I agree with those courts that hold that once property is properly seized, the Fourth Amendment ceases to apply and the proper inquiry is under the Fourteenth Amendment's guarantee of procedural due process. *Fox v. Van Oosterum*, 176 F.3d 342, 350-51 (6th Cir. 1999); *Martin v. Rodriguez*, 154 F.Supp.2d 306, 316 (D. Conn. 2001). Thus, summary judgment is granted in favor of Officer Berry on this claim.

Plaintiff asserts various constitutional and statutory claims against the remaining Defendants. For the reasons set forth in the November 1 hearing, Defendants' Motion to Dismiss is granted as to Plaintiff's claims brought under (1) 42 U.S.C. § 1985; (2) the Eighth Amendment; and (3) the Fourteenth Amendment's guarantee of substantive due process. As to each of those claims, there is no set of facts that Plaintiff can allege that would entitle her to relief. *See Noland v. McAdoo*, 39 F.3d 269, 273 (10th Cir. 1994). Defendants' Motion is further granted as to all claims made against Defendants in their official capacities. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).

As the court stated at the hearing, Plaintiff's complaint, read liberally, asserts a violation of her procedural due process rights pursuant to the Fourteenth Amendment. "The intentional deprivation of property is not a fourteenth amendment violation if adequate state post-deprivation remedies are available." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). These post-deprivation

remedies include actions for replevin or conversion.  In her complaint, Plaintiff asserted both

of those causes of action for relief.  At this juncture, the parties disagree as to whether these

post-deprivation remedies are available to Plaintiff.  Because Plaintiff has stated a claim for

violation of her Fourteenth Amendment due process rights, this court retains jurisdiction

pursuant to 42 U.S.C. § 1983.  Both parties' requests for Rule 11 sanctions are also denied.

Because there is no just reason for delay, the court directs entry of judgment pursuant to

Fed.R.Civ.P. 54(b) on the aforementioned claims.

IT IS THEREFORE ORDERED that  Defendants' Motion to Dismiss and Motion for

Sanctions [Doc. 11] is granted as to (i) claims against the Defendants in their official

capacities; (ii) Count I claims asserting violations of substantive due process and the Eighth

Amendment; and (iii) Count II claims asserting violations of 42 U.S.C. § 1985 and the Eighth

Amendment;

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions [Doc. 14] is denied;

IT IS FURTHER ORDERED that Defendant Berry's Motion for Summary Judgment

on the Fourth Amendment claim  [Doc. 19] is granted;

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Surreply [Doc. 16]

is denied.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

FOR THE PLAINTIFF:        Joe Romero, Esq.

FOR THE DEFENDANTS:     Stephanie M. Griffin, Esq.