IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MELISSA RANSOM,

    Plaintiff,

v.                                                 Civ. No. 01-822 RLP/LFG-ACE

ALBUQUERQUE POLICE
DEPARTMENT, *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendants' Motion for Summary Judgment based on qualified immunity. For the reasons set forth below, Defendants' Motion is denied.[1]

On March 20, 2001 Defendant Officer Berry arrested Plaintiff and seized $1,964.00 in cash, a day planner, her driver's license, and her social security card. It is undisputed that the arrest and seizure were proper. However, no charges were filed against Plaintiff. Plaintiff asserts in her affidavit that Officer Berry told her that he and his supervisors would decide what to do with her personal property. *See* Plaintiff's Response to Defendants' Motion for Summary Judgment [Doc. 38] Exhibit B.[2]

---

[1] The Albuquerque Police Department was dismissed on August 16, 2001 [Doc. 8]. The claims against the remaining defendants in their official capacities were dismissed on November 6, 2001 [Doc. 32]. At that time the court incorrectly stated those individuals were being dismissed pursuant to *Quern v. Jordan*, 440 U.S. 332 (1970). That case is inapplicable. The official capacity claims were dismissed because Plaintiff did not allege that her due process rights were violated by any city policy or procedure. *See Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir. 1997).

[2] Officer Berry states "I have not told Plaintiff that she could not have any of the items tagged into evidence on March 20, 2001." Exhibit A, [Doc. 37], ¶ 13.

On April 9, 2001, a paralegal working for Plaintiff's counsel contacted the Albuquerque Police Department (APD) to request information on how to have the personal items returned to Plaintiff. *See id.*, Exhibit C ("Cummings Affidavit"). The paralegal was informed that he must request the items from the arresting officer and his supervisors.

On April 18, 2001, counsel for Plaintiff sent a certified letter to Officer Berry and his two supervisors, Defendants Lieutenant Callaway and Sergeant Kearny. *See* Plaintiff's Response to Defendants' Motion to Dismiss and Motion for Sanctions [Doc. 14], Exhibit C. After receiving the return receipt for the letter, the paralegal called the substation and asked to speak to each of the three officers. *See* Cummings Affidavit. None of the officers was available, none returned the phone call, and no one ever responded to the letter. *Id.* This lawsuit, brought pursuant to 42 U.S.C. § 1983, was filed on July 13, 2001 [Doc. 1].

At the Rule 16 scheduling conference, counsel for Plaintiff alleges that defense counsel informed him that the sole authority for returning the personal property was the Second Judicial District's Office of the District Attorney. *See* Plaintiff's Response to Summary Judgment at 3. After contacting the District Attorney, counsel was informed that "[o]ur office has never received a case from the Albuquerque Police Department in regard to Ms. Ransom's March 20, 2001 arrest. Any issue pertaining to the return of property seized must be directed to the Albuquerque Police Department." *Id.*, Exhibit D. Ultimately, Plaintiff's counsel was advised by defense counsel that Sergeant Macario Page "had agreed" to release the items to Plaintiff. *Id.* at Exhibit F.

Defendants seek summary judgment based on qualified immunity, arguing that *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled by Daniels v. Williams*, 474 U.S. 327

2

(1986) and *Hudson v. Palmer*, 468 U.S. 517 (1984) hold that there is no constitutional injury if adequate post-deprivation remedies are available. The *Parratt/Hudson* doctrine is inapplicable when the acts of individuals acting under color of state law are not random and unauthorized. *Abbott v. McCotter*, 13 F.3d 1439, 1442 n.3 (10th Cir. 1994); *Wolfenbarger v. Williams*, 774 F.2d 358, 362-63 (10th Cir. 1985). Furthermore, there is no issue of adequacy of post-deprivation remedies if the deprivation was pursuant to an established or a *de facto* policy or procedure. *Id*.

In this case it is unknown whether the retention of Plaintiff's property was the result of the random and unauthorized actions of certain individuals or a policy or procedure of the city. It is also unknown whether the Defendants in this action are the proper parties. It is undisputed that Officer Berry's actions in the arrest of Plaintiff and the seizure of her property were entirely proper. Officer Berry states in his affidavit that he tagged the evidence and had no control of the property after March 20, 2001. The other two Defendants disavow any connection with the property. Defendants are correct in their assertion that personal involvement is a necessary prerequisite to § 1983 liability. *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). The due process violation did not arise until the demand for its return was made and ignored.[3] At this juncture, it is impossible for the court to say who are the liable parties. It may be that the three named Defendants did

---

[3] Defendants first argue that no constitutional right was violated and, even if it were, that right was not clearly established. The continued retention of property after a valid seizure raises Fourteenth Amendment concerns because it constitutes a deprivation of property. *See Fox v. Van Oosterum*, 176 F.3d 342, 350-51 (6th Cir. 1999). This right has been recognized by the Tenth Circuit Court of Appeals. *See Abbott v. McCotter*, 13 F.3d 1439 (10th Cir. 1994).

3

participate in the property's unauthorized retention, which *would* implicate the *Parratt/Hudson* doctrine. Or the retention may have been due to a City policy or procedure. Or the retention may have been due to the actions of some other individual. If in fact the three named Defendants did not have any control or dominion over the property from March 20, 2001, and did not participate in the decision-making process to retain the property, then they will be dismissed: not on the grounds of qualified immunity, but rather because the Plaintiff has failed to state a claim for relief against them.

Based on the foregoing, Plaintiff will be allowed limited discovery to determine what transpired from March 20, 2001 to the present, the identify of individuals involved in the property's retention, and any city policies regarding retention and release of property.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment Requesting Dismissal of Plaintiff's Procedural Due Process, Writ of Replevin and Conversion Claims [35] is denied;

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

FOR THE PLAINTIFF: Joe Romero, Esq.

FOR THE DEFENDANTS: Stephanie Griffin, Esq.

4