IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MELISSA RANSOM,

    Plaintiff,

v.   Civ. No. 01-00822 RLP/LFG

SERGEANT MACARIO PAGE, Albuquerque
Police Officer, Individually and in his official
capacity,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant Page's 12(b)(6) Motion, or in the Alternative, Defendant Page's Summary Judgment Motion Requesting Dismissal of Plaintiff's Complaint and Defendant Page's Motion for Summary Judgment Requesting Dismissal of Plaintiff's Complaint on Qualified Immunity Grounds.

On March 20, 2001 Albuquerque Police Department ("APD") Officer Berry arrested Plaintiff and seized, *inter alia*, $1,964.00 in cash. It is undisputed that the arrest and seizure were proper, but the issue is whether the continued retention of Ms. Ransom's property, after demand was made, violates the Due Process Clause of the Fourteenth Amendment.

## FACTUAL BACKGROUND

Approximately 20 days after Ms. Ransom's arrest, on April 9, 2001, a paralegal working for Plaintiff's counsel contacted APD to request information on how to have the cash returned to Plaintiff. *See id.*, Exhibit C ("Cummings Affidavit"). The paralegal was informed that he must request the items from the arresting officer and his supervisors. *Id.*

On April 18, 2001, counsel for Plaintiff sent a certified letter to the arresting officer and his supervisors.  *See* Plaintiff's Responses to Defendants' Motion to Dismiss and Motion for Sanctions [Doc. 14], Exhibit C.  After receiving the return receipt for the letter, the paralegal called the substation and asked to speak to the arresting officer and or his two supervisors.  *See* Cummings Affidavit.  None of the three was available to take the call, none returned the phone call, and none responded to the certified letter.  *Id*.  This lawsuit, brought pursuant to 42 U.S.C. § 1983, was filed on July 13, 2001, almost four months after the initial seizure of property.  As of that date, Ms. Ransom had still not been charged nor had she received any response to her counsel's phone calls or letter requesting the return of the money.

At the Rule 16 scheduling conference, in this court held on September 17, 2001, counsel for Plaintiff alleges that defense counsel informed him that the sole authority for returning the personal property was the Second Judicial District's Office of the District Attorney.  *See* Plaintiff's Response to Summary Judgment at 3.  After contacting the District Attorney, counsel was informed that "[o]ur office has never received a case from the Albuquerque Police Department in regard to Ms. Ransom's March 20, 2001 arrest. Any issue pertaining to the return of property seized must be directed to the Albuquerque Police Department."  *Id.*, Exhibit D.

On November 2, 2001 Plaintiff's counsel was advised by defense counsel that Sergeant Macario Page "had agreed" to release the items to Plaintiff.  *Id.*, Exhibit F.  This letter was sent three and one-half months after suit had been filed and almost eight months after the initial seizure.

2

PROCEDURAL BACKGROUND

The original complaint filed in this case listed arresting Officer Berry and his two supervisors as defendants. During the course of discovery it was determined that Officer Berry had relinquished control of the cash when he logged it into evidence and that his two supervisors had no control or authority over the cash. Those three individuals were dismissed from the lawsuit and Defendant Page was named as the sole remaining defendant when it was learned that he had possession of the cash. Ms. Ransom's amended complaint now seeks recovery from Defendant Page for compensatory and punitive damages and she sues him in his individual and official capacities.

DISCUSSION

The United States Supreme Court has held that even where the initial seizure of someone's property is lawful, the prolonged seizure (retention) of the property may render the seizure unreasonable. *United States v. Place*, 462 U.S. 696, 709-10 (1983). Where a plaintiff bases a procedural due process claim on the random and unauthorized conduct of a state actor and a meaningful postdeprivation remedy exists at state law, the plaintiff must either invoke those remedies or demonstrate that they are inadequate. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

When the conduct complained of is an intentional deprivation, which may not be characterized as "random," then the *Hudson* restrictions do not apply; *i.e.*, no state procedures will suffice as postdeprivation due process. *Wolfenbarger v. Williams*, 774 F.2d 358, 364 (10th Cir. 1985), *cert. denied*, 475 U.S. 1065 (1986). As stated by one court,

> [A]lthough the government may seize and hold a citizen's property for a variety of reasons in connection with a criminal or related proceeding, once those proceedings have terminated or it is determined that the property is not related to or is otherwise not needed for those proceedings, due process requires that the property be returned upon demand unless the government can establish a new basis for its detention.

*DeBellis v. Property Clerk of the City of New York*, 588 N.E.2d 55, 59 (N.Y. 1992) (citing *McClendon v. Rosetti*, 460 F.2d 111 (2nd Cir. 1972)).

Based on the parties' submissions and arguments, this court need not inquire further into the convoluted history of this case. Attached as Exhibit M to Defendant Page's Memorandum in Support of His 12(b)(6) Motion, or in the Alternative, Defendant Page's Summary Judgment Motion Requesting Dismissal of Plaintiff's Complaint [Doc. 126] is the Offense Report for Ms. Ransom's case. The November 13, 2001 entry states that Officer Page is informed that Ms. Ransom has requested release of her property and he writes "I agreed to release the property because that property was not needed for this case." *Id*.

This statement indicates that the investigation into Ms. Ransom's case was ongoing and the property was returned when it "was not needed for those proceedings." *DeBellis,* 588 N.E*.* at 59. Therefore it is irrelevant whether the retention of the cash was due to a random and unauthorized act or a written or *de facto* policy of the APD because retention under these circumstances does not offend due process.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant Page's 12(b)(6) Motion, or in the Alternative, Defendant Page's Summary Judgment Motion Requesting Dismissal of Plaintiff's Complaint [Doc. 125] is granted for the reasons stated

herein; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Page's Motion for Summary Judgment Requesting Dismissal of Plaintiff's Complaint on Qualified Immunity Grounds [Doc. 123] is denied as moot.

                                                Richard L. Puglisi
                                      United States Magistrate Judge
                                          (sitting by designation)

FOR THE PLAINTIFF:    Dennis Montoya, Esq.

FOR THE DEFENDANT:    Stephanie M. Griffin, Esq.